IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WARNER B. CRIDER,**

    **Petitioner,**

    v.                                                    Civil Action No. 2:17-CV-75

**S. KALLIS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 9, 2017, the *pro se* Petitioner Warner B. Crider ("Petitioner") filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate who is housed at FCI Hazelton and is challenging the validity of his sentence imposed in the United States District Court for the Eastern District of Michigan. On November 2, 2017, the Respondent was directed to file an answer. On November 28, 2017, the Respondent filed a response and a Motion to Transfer this matter to the Eastern District of Michigan. ECF No. 15. In response to the Motion, the Petitioner indicated he declined to join the Motion and wanted his case decided by this Court. ECF No. 19. Accordingly, this matter is pending before the undersigned for a Report and Recommendation on the merits of the Petition pursuant to LR PL P 2.

### II. PROCEDURAL HISTORY[1]

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Eastern District of Michigan, No. 01-cr-81028. ALL ECF references within this section are to his criminal action which is available on PACER. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'")

1

Petitioner was indicted by a grand jury on December 12, 2001, with conspiracy to distribute and distribution of controlled substances. ECF No. 3. A first superseding indictment was entered on December 12, 2002, which further charged Petitioner with three drug offenses, and one felon in possession of ammunition charge. ECF No. 62. On October 24, 2003, Petitioner was found guilty by a jury of conspiracy to distribute and distribution of controlled substances, three drug offenses, and a felon in possession of ammunition charge. ECF No. 115. On March 24, 2004, the Court sentenced Petitioner to concurrent terms of life, life, five years, and ten years. ECF No. 132.

On April 9, 2004, Petitioner, through trial counsel, filed a motion for new trial alleging he was not given proper discovery and evidence which could have been used to impeach the Government's witnesses. ECF No. 130. The Government filed a motion to dismiss the Petitioner's motion as untimely. ECF No. 139. On June 24, 2004, following a hearing on June 18, 2004, the motion to dismiss was granted with the Court noting that even if the motion were timely, none of the claims raised would have warranted a new trial. ECF No. 142.

On April 23, 2004, Petitioner filed a notice of appeal, raising several arguments. ECF No. 135. On August 15, 2005, the Sixth Circuit rejected all Petitioner's grounds for appeal but remanded for a *Booker* re-sentencing, finding that the district court erred when it sentenced Petitioner under a mandatory system of sentencing guidelines. *United States v. Booker*, 548 U.S. 220, 244 (2005).

On January 6, 2006, Petitioner filed a second motion for a new trial, this time *pro se*, again alleging *Brady* violations by the prosecution in withholding evidence, and alleging perjury by witnesses. ECF No. 170; 179. On June 30, 2006 the Court issued an

order which denied Petitioner's second motion for a new trial. ECF No. 182. Petitioner appealed that Order on July 13, 2006. The Sixth Circuit affirmed the Order on September 17, 2007, again denying Petitioner's motion for a new trial. ECF No. 207.

On May 28, 2013, Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 raising 14 fourteen grounds and requesting an evidentiary hearing. ECF No. 256. He filed an amended motion on July 29, 2013. ECF No. 259. Petitioner subsequently filed a motion for sentence reduction on November 6, 2014. ECF No. 268. On April 20, 2016, the Court granted Petitioner's motion for sentence reduction and re-sentenced him under 28 U.S.C. § 3582(c)(2) from life imprisonment to a term of 360 months. On the same date the Court denied Petitioner's 2255 motion. Petitioner filed the instant petition *pro se* on June 9, 2017.

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court Petitioner cites *Mathis v. United States* in arguing that his sentence is improper. *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Petitioner claims that under *Mathis*, his previous Michigan drug conviction cannot be used for purposes of 21 U.S.C.§ 851. For relief, he asks that this Court vacate his § 851 aggravated sentence and resentence him according to the new law and with the appropriate guidelines. Petitioner maintains that his arguments coincide with the Government's position in *United States v. Surratt*, 797 F.3d 3d 240 (2015).

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit

3

findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no further response is required of Respondent.

**V.    DISCUSSION**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence."

4

*Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[2] *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); *see also Rouse v. Wilson*, 584 Fed. Appx. 76

---

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 623 (1998).

(4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

Here, Petitioner relies on the United States Supreme Court's decision in *Mathis* (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[3] for relief. However, that decision did not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241.[4] Where, as here, a federal prisoner brings a § 2241 petition that does

---

[3] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. *Id.*

[4] The undersigned acknowledges that two circuits have held that the savings clause is applicable to challenges to allegedly unlawful sentences. *See Hill v. Masters*, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) and *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013) (same). Because Petitioner was sentenced within the Sixth Circuit, Respondent moved to transfer this case back to the sentencing court in the interests of justice. However, Petitioner declined to agree to the

not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## VI. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE,** and the Respondent's Motion to Transfer [ECF No. 15] **be DENIED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to

---

transfer, and therefore, this Court is without authority to grant the transfer. 28 U.S.C. § 1404(a). Because, the United States Supreme Court has yet to issue a decision that would support the opinions reached by either the Sixth or Seventh circuits, this Court should continue to follow Fourth Circuit precedent as outlined above. Furthermore, to the extent that Petitioner relies on the Government's stance in *Surratt*, the undersigned notes that the original decision in that case held that because Surratt challenged only his sentence, and he could not establish that he was innocent of the conduct for which he was convicted, he could not obtain relief under § 2241. That decision was "nullified" when rehearing *en banc* was granted December 2, 2015. However, thereafter, the case was dismissed as moot after Surratt's sentence was commuted by Presidential Order. Furthermore, on December 12, 2017, Surratt's Petition for Writ of Certiorari was denied. *See* Case # 14-6851 (4th Cir.). Therefore, nothing in *Surratt* serves as a basis for granting Petitioner relief.

his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: December 19, 2017

*/s James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE