# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**WARNER B. CRIDER,**

    Petitioner,

v.                                              **CIVIL ACTION NO. 2:17-CV-75**
                                                          **(BAILEY)**

**S. KALLIS,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 20]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on December 19, 2017, wherein he recommends this Court deny and dismiss the petitioner's § 2241 petition without prejudice, and deny the respondent's motion to transfer.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

1

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner filed timely objections on January 3, 2018 [Doc. 22].

The petitioner makes three objections. First, the petitioner objects to the magistrate judge's determination that this Court lacks the jurisdiction to consider his § 2241 petition, on the grounds that *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010), is not good law in light of the Supreme Court's prior decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006). While the petitioner asserts that *Rice* is a "drive-by jurisdictional ruling" and that "*Arbaugh* requires the Fourth Circuit to reconsider *Rice*," it is unclear what about *Rice* requires reconsideration. First, *Rice* was decided in 2010, four years after the Supreme Court issued the decision in *Arbaugh*. Second, the Fourth Circuit was clearly aware of and considered *Arbaugh* when deciding *Rice*, as the Fourth Circuit cited *Arbaugh* in a footnote regarding whether another rule was jurisdictional. *Rice*, 617 F.3d 802, 810 n.7. Third, the Fourth Circuit has continued to dismiss cases without prejudice for want of jurisdiction where the petitioner has failed to show that § 2255 is inadequate or ineffective. *See, e.g., Moore v. Stewart*, 2018 WL 333138 (4th Cir. Jan. 9, 2018); *Redd v. Wilson*, 703 F. App'x 196 (4th Cir. Nov. 21, 2017); *Meredith v. Andrews*, 700 F. App'x 283 (4th Cir. Nov. 7, 2017); *Brandon v. Wilson*, 699 F. App'x 283 (4th Cir. Nov. 1, 2017). As such, this objection is **OVERRULED**.

Second, the petitioner objects to the R&R's use of *United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), and argues that *Poole* was incorrectly decided because the decision

2

in *Poole* would have been different had that petitioner argued that *Rice* was a "drive-by jurisdictional argument."[1] This Court cannot predict what the Fourth Circuit would have done had the petitioner in *Poole* made the arguments advanced in the instant matter, and will not do so as the arguments that the petitioner has made here were not unavailable when *Poole* was decided.

In the R&R, Magistrate Judge Seibert cites *Poole* once, for the proposition that the savings clause "does not extend to petitioners who challenge only their sentences." [Doc. 20, p. 5]. The citation was not in error. The petitioner asserts that the manner in which *Poole* is used is inappropriate, based on the factual distinctions between the instant petition and the facts in *Poole*. While the petitioner does correctly note that *Poole* is not on all fours with the facts of this particular case, the R&R does not rely upon *Poole* for its particular facts. Rather, the R&R cites to *Poole* for its general assertion of the law—a general assertion of the law that the Fourth Circuit has repeatedly cited in the context of § 2241 petitions. *See, e.g., Anderson v. Andrews*, 2018 WL 317269 (4th Cir. Jan. 8, 2018); *Meredith v. Andrews*, 700 F. App'x 283 (4th Cir. Nov. 7, 2017); *see also Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. Oct. 9, 2013) (finding challenge to armed career

---

[1]The petitioner also asserts that *Poole* was incorrectly decided, by reference to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). While this case may have supported petitioner's claim had he brought this action in a district court in the Sixth Circuit, it is not binding authority in the Fourth Circuit and does not invalidate *Poole*. Notably, the Government did move to transfer this action to the United States District Court for the Eastern District of Michigan [Doc. 15], the petitioner's sentencing court. In support, the Government stated, without addressing the merits of the petition, that the action should be transferred in the interests of justice because the Sixth Circuit has not categorically barred petitioners from challenging their sentence under § 2241. The petitioner responded and opposed the transfer [Doc. 19], and thus Magistrate Judge Seibert could not transfer the action [Doc. 20].

3

criminal status is not cognizable in a § 2241 petition, and citing to *Poole*); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. April 29, 2011) (declining to extend reach of savings clause to sentence challenges).

Even if this Court were to assume that the Fourth Circuit would overrule *Rice* and hold that § 2255(e) is not a jurisdictional rule, but a claim-processing rule, the petitioner would still not be entitled to review on the merits or relief. The key distinction between the instant action and *Wheeler*, upon which the petitioner heavily relies, is that in *Wheeler* the Government initially conceded that Wheeler was entitled to relief under the savings clause. *United States v. Wheeler*, No. 16-6073; *see also Wheeler v. United States*, 2015 WL 5726038 (W.D.N.C. Sept. 30, 2015) ("The Government has filed a response noting that Petitioner is not entitled to relief under § 2255 because he has not obtained authorization to file a successive petition, but joins Petition in contending that relief under § 2241 is appropriate."). No such waiver has been made here, and as such even if the Fourth Circuit did consider § 2255(e) a claims-processing rule, the petitioner would not be entitled to relief. Accordingly, this objection is **OVERRULED**.

Finally, the petitioner objects to the recommendation that his petition be dismissed without a consideration of the merits. The petitioner states in support that the Fourth Circuit is likely to render a decision in his favor in *Wheeler*, and thus that dismissal of his petition without a review of the merits, even without prejudice, would be a waste of judicial resources, as petitioner will simply file a notice of appeal.

This Court simply cannot choose, under the law in this Circuit, to ignore the requirements of § 2255(e) and review the petitioner's claims on the merits. It is not certain

4

that any opinion in *Wheeler* would affect petitioner's claim here, as this Court will not speculate on how far the Fourth Circuit will go in changing its current precedent, if at all. *See also Walker v. Kassell*, 2017 WL 6503990, *2 (N.D. W. Va. Dec. 19, 2017) (declining to speculate as to the outcome of *Wheeler*). However, if a favorable decision in *Wheeler* could allow petitioner to assert the type of claim he brings here, petitioner is free to bring his petition again at that time (as this petition will be dismissed without prejudice), and this Court will then review the petition on its merits. Until then, however, this Court must follow current Fourth Circuit precedent, and therefore must dismiss the petition for want of jurisdiction. As such, this objection is **OVERRULED**.

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 20]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the petitioner's § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Additionally, the Respondent's Motion to Transfer **[Doc. 15]** is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that Mr. Crider has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** January 11, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE